[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11335
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00324-WTH-TBS


MELVIN C. LEWIS,

                                                            Plaintiff-Appellant,

versus

THE UNITED STATES OF AMERICA,
THE INTERNAL REVENUE SERVICE,
THE STATE OF NEW YORK,
THE STATE OF FLORIDA,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 21, 2012)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Melvin Lewis appeals the district court's dismissal with prejudice of his *pro se* civil complaint, which alleged that the United States and other defendants placed unlawful liens on his property due to unpaid federal income taxes, and also alleged that he was owed damages stemming from his liens over the United States.  Although Lewis essentially challenged his underlying tax debt and the resulting liens, he brought claims pursuant to general jurisdiction statutes and admiralty laws.

We conclude from the record that the district court did not err in granting defendants' separate motions to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) for a lack of subject matter jurisdiction, where (1) New York and Florida were immune from suit under the Eleventh Amendment; (2) the United States was immune under general rules of sovereign immunity; (3) Lewis's true recourse, if any, was in the United States Tax Court; and (4) his complaint was patently frivolous.  Additionally, we conclude that it was not an abuse of discretion for the district court to dismiss the complaint with prejudice, where any amendment to the complaint would not have cured the lack of subject matter jurisdiction, a fatal deficiency.  Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**

2